UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE M. LENIART, | : | |
|     Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:11-cv-1635 (SRU) |
| | : | |
| WARDEN PETER MURPHY, et al., | : | |
|     Defendants. | : | |

## RULING ON PENDING MOTIONS

This ruling considers four motions filed by plaintiff George Leniart: Motion for Waiver of Security and Emergency Hearing [Doc. #36], Motion for Temporary Injunction [Doc. #38], Motion for Leave to File Supplemental Complaint [Doc. #39], and Motion for Reconsideration [Doc. #53].

I    Motions for Waiver of Security and Emergency Hearing and for Temporary Injunction

Leniart seeks injunctive relief regarding medical care and an immediate hearing on that request. A preliminary injunction is designed "'to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.'" *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 60 (D. Conn. 2003) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)). To prevail on his motion, Leniart must establish a relationship between the injury claimed in his motion and the actions giving rise to his complaint. The operative amended complaint includes four counts, each describing discrete incidents of various defendants reading and confiscating documents from his legal materials. The incidents occurred between October 20, 2008, and March 31, 2010. Leiniart's current medical needs are unrelated to whether various defendants read or confiscated documents from his legal papers.

In addition, before the court can validly enter an injunction against a person, the court must have in personam jurisdiction over him. *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999). No medical care providers are named as defendants in the operative complaint. Leniart's motion for temporary injunction and his request for immediate hearing on the motion are denied.

Leniart also request a waiver of the requirement that he post security. Leniart was granted leave to proceed *in forma pauperis* in this case. Thus, he is not required to post security. This request is denied as moot.

II.     Motion for Reconsideration

Leniart seeks reconsideration of the court's July 9, 2012 ruling denying his motion for court assistance ascertaining names of John Doe defendants. The time for filing a motion for reconsideration is fourteen days. D. Conn. L. Civ. R. 7(c)1. Leniart's motion is dated October 1, 2012, long after the time for filing a motion for reconsideration expired. The motion is denied as untimely filed.

III.    Motion for Leave to File Supplemental Complaint

Leniart has filed two motions seeking leave to file supplemental complaints. The court has granted his most recent motion. Accordingly, the earlier motion [**Doc. #39**] is denied as moot.

IV.     Conclusion

Leniart's motions for temporary injunction [**Doc. #38**], waiver of security and emergency hearing [**Doc. #36**], and leave to file a supplemental complaint [**Doc. #39**] are **DENIED**. Leniart's motion for reconsideration [**Doc. #53**] is **DENIED** as untimely filed.

**SO ORDERED** this 9th day of November 2012, at Bridgeport, Connecticut.


                                                  /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge