UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE M. LENIART,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CASE NO. 3:11-cv-1635 (SRU) |
| | : |
| WARDEN PETER MURPHY, et al.,<br>    Defendants. | :<br>: |

RULING ON PENDING MOTIONS

This ruling considers one motion filed by the defendants and seven motions filed by plaintiff: Motion to Compel [Doc. #37], Motion for Order on Motion to Compel [Doc. #50], Motion for Status Conference [Doc. #51], Motions for Extension of Time [Doc. ## 60, 64, 65], Motion for Appointment of Counsel [Doc. #62] and Motion re Error [Doc. #66].

I    Motions to Compel and for Order on Motion to Compel

The plaintiff moves to compel responses to his January 2012 request for production of documents.

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and the District of Connecticut Local Civil Rules. The local rule requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. In addition, Local Rule 37(b)1 requires that copies of the discovery requests

must be included as exhibits.

In his affidavit, the plaintiff acknowledges only a brief discussion regarding the names of the John Doe defendants.  He does not provide any evidence suggesting any attempt to resolve the remaining issues and does not indicate any follow-up letter regarding the names of the John Doe defendants or any discussion with defendants' counsel including specific facts to try to ascertain the identity of the John Doe defendants.  Although he claims to have been adamant in his pursuit of the information, there is no documentation of such efforts.

In addition, Rule 37(b)1 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."  The plaintiff has not complied with this requirement.

The motion to compel is denied.  In light of this order, the plaintiff's motion for an order on the motion to compel is denied as moot.

II.     Motion for Status Conference and Extension of Time

The plaintiff asks the court to schedule a status conference to ensure that the case proceed in a timely manner.  After filing the motion, the plaintiff filed an amended complaint and the defendants responded to the plaintiff's motion to compel.  In light of these developments, the court concludes that a status conference is not required at this time.  The plaintiff's motion is denied.

There also are three pending motions for extension of time.  The defendants seek an extension of time, until December 17, 2012, to respond to recent discovery requests.  The

defendants' motion is granted.

The plaintiff seeks an extension of time, until January 9, 2013, to provide the correct spelling and current work addresses for defendants Yother and Howen. He states that he has requested this information in his recent discovery requests and the defendants have sought an extension of time to respond to those requests. The plaintiff's motion is granted. No further extensions will be granted to supply this information. If the information is not received by the court on or before January 9, 2013, the claims against defendants Howen and Yother will be dismissed.

The plaintiff also seeks an extension of time, until December 24, 2012, to seek reconsideration of the court's November 9, 2012 order granting in part his motion for extension of time. He states that he requires articulation of the order. Articulation is not necessary. The order specifically directs the plaintiff to identify all John Doe defendants within thirty days. As the plaintiff has indicated that he sought this information through discovery and all discovery responses are to be served by December 17, 2012, the plaintiff shall provide this information to the court on or before January 9, 2013, along with the correct names and current addresses for defendants Yother and Howen. No further extensions of time will be granted and no motion for reconsideration of the order is required.

III.     Motion for Appointment of Counsel

The plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made

clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

In his motion, the plaintiff identifies several attorneys but provides no information on when the contacts were made or why the attorneys declined assistance.  In addition, there is no indication that the plaintiff contacted Inmates' Legal Assistance Program, the organization created to provided legal assistance to Connecticut inmates.  Because the plaintiff may be able to obtain legal assistance on his own, appointment of counsel is not warranted at this time.  The motion for appointment of counsel is denied.

IV.  Motion re Error

The plaintiff states that he inadvertently omitted the certification page from two motions filed with the court and asks the court to swap corrected pages in the documents.  Once a document is filed with the court, it cannot be altered.  The plaintiff's motion is denied.

V.  Conclusion

The plaintiff's motion to compel [**Doc. #37**] is **DENIED** and his motion for order on the motion to compel [**Doc. #50**] is **DENIED** as moot.  The plaintiff's motion for status conference [**Doc. #51**] and motion for extension of time to file a motion for reconsideration [**Doc. #65**] are **DENIED**.  The plaintiff's motion for extension of time [**Docs. # 64**], until January 9, 2013, to provide correct names and addresses information for defendants Howen and Yother is **GRANTED**.  The plaintiff shall identify all John Doe defendants and provide the corrected information for defendants Howen and Yother by **January 9, 2013**.  The plaintiff's motion for appointment of counsel [**Doc. #62**] is **DENIED** without prejudice and his motion regarding

errors [**Doc. #66**] is **DENIED**.

The defendants' motion for extension of time [**Doc. #60**] is **GRANTED**.

**SO ORDERED** this ___11th___ day of December  2012, at Bridgeport, Connecticut.


      ___/s/ *William I. Garfinkel*___
      William I. Garfinkel
      United States Magistrate Judge