UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE M. LENIART, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:11-cv-1635 (MPS) |
| : | |
| PETER MURPHY, et al., : | |
|     Defendants. : | |

RULING ON PLAINTIFF'S MOTION TO COMPEL [Doc. #91]

The plaintiff moves to compel production of documents sought in his October 1, 2012 and April 29, 2013 production requests, responses to his second round of interrogatories to most defendants and the first set of interrogatories addressed to defendants Lawrie and Skribiski.[1]

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and District of Connecticut Local Civil Rule 37. The local rule requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. *See Hanton v. Price*, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. In addition, Local Rule 37(b)1 requires that copies of the discovery requests must be included as exhibits.

---

[1] The plaintiff has attached to his motion to compel copies of his first set of interrogatories to defendants Bowen, Yother, and requests for admission which are not the subject of the motion to compel. He has attached his second set of interrogatories to defendants Coachman and Moriaty only. Thus, only the October 2012 and April 2013 production requests, the second sets of interrogatories to defendants Coachman and Moriaty, and the first sets of interrogatories to defendants Lawrie and Skribiski are the subject of this motion.

The defendants object to the motion to compel on the ground that the plaintiff has not conferred with defendants' counsel in a good faith effort to resolve this dispute. The court agrees. The plaintiff attaches to his declaration in support of the motion to compel copies of the letter he sent to resolve the discovery dispute. *See* Doc. #91-2 at 4-12. In the letters, the plaintiff does not attempt to compromise to resolve any disagreement. He cites his obligation to confer in good faith and demands the responses on threat of filing a motion to compel. Finally, in his April 23, 2013 letter, the plaintiff agrees to waive items ##8, 12 and 19 in the October 2012 production request. The court concludes that the plaintiff has not attempted to resolve this dispute in good faith before seeking court intervention. In addition, the plaintiff's declaration fails to specify which issues have been resolved and which remain. The plaintiff failed to comply with the requirements of Local Rule 37 before filing his motion to compel. Thus, the motion to compel is denied.

The defendants also argue that they are protected from burdensome discovery by qualified immunity. Although they argue that the Second Supplemental Amended Complaint is deficient under Rule 8, Fed. R. Civ. P., they have not moved to dismiss the complaint on that ground. The court will not consider the qualified immunity argument where the defendants have failed to raise it in a proper motion.

The plaintiff's motion to compel [**Doc. #91**] is **DENIED** without prejudice.

**SO ORDERED** this 4th day of September 2013, at Hartford, Connecticut.

                                                   /s/
                                       Michael P. Shea
                                       United States District Judge